IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FEDERAL EXPRESS CORPORATION,
A New Mexico foreign corporation, and
SENTRY INSURANCE COMPANY, INC.
A foreign corporation doing business in New Mexico,

      Plaintiff,

v.                                No.: CIV 01 0227

UNITED STATES OF AMERICA,

      Defendant,

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

01 FEB 27 PM 2:36

CLERK ALBUQUERQUE

DON J. SVET

## COMPLAINT FOR CONTRIBUTION, OR IN THE ALTERNATIVE SUBROGATION OR IN THE ALTERNATIVE INDEMNIFICATION AND WRONGFUL DEATH AS A RESULT OF MEDICAL NEGLIGENCE

Plaintiffs allege:

### PRELIMINARY AND JURISDICTIONAL ALLEGATIONS

1. Plaintiffs bring this Complaint for medical negligence and wrongful death.

2. The Court's jurisdiction arises under 28 U.S.C. § 1346(b)(1), and 28 U.S.C. §1331.

3. Plaintiff Federal Express Corporation is a Delaware foreign corporation doing business in New Mexico.

4. Plaintiff Sentry Insurance Company is a Delaware corporation doing business in New Mexico.

5. At all times material hereto, the Defendant United States of America owned, operated, and managed Crownpoint Indian Health Services Hospital, as an Indian

Health Service hospital open to Native Americans and located in Crownpoint, New Mexico.

6. At all times material hereto, this health service facility held itself out to be a facility qualified to care for the decedent, Annie Morris, whose death is the basis for this lawsuit.

7. The Plaintiffs filed a timely claim for damage, injury or death with the United States Department of Health & Human Services. That claim has not been acted upon and more than six months have elapsed since it was filed. Plaintiffs have exhausted their administrative remedies.

8. Venue is proper in this district under 28 U.S.C. § 1402(b).

9. On June 18, 1997, decedent, Annie Morris, was involved in a motor vehicle/pedestrian accident and sought care through the Crownpoint EMT Services and Crownpoint Indian Health Services Hospital.

10. Decedent was in the emergency room at the Crownpoint Indian Health Services Hospital from 1:07 pm until 3:35 pm, when she was pronounced dead. She was breathing on her own, alert and oriented to person, place and time when she was first admitted to the Emergency Room. Eight to ten attempts were made to intubate the decedent, each unsuccessfully and no attempt was ever made to conduct a tracheotomy. The hospital employees and/or agents failed to establish an alternative airway when they knew or should have known that the steps they were taking to establish an airway were insufficient and time was limited. The decedent died from lack of oxygen and was pronounced dead at the Crownpoint Indian Health Services Hospital.

11. The decedent could have and would have recovered from the injuries she sustained in the accident if her airway had been properly managed.

12. At all times material to this complaint, the hospital employees were acting as employees, apparent employees, agents or servants of the defendant acting within the scope of their employment, apparent employment, agency or master-servant relationship.

13. The actions and inactions of defendant's employees were under circumstances that the United States would be liable to the claimant if it were a private person under the law of the State of New Mexico.

14. As a result of the motor vehicle accident and death of the decedent, her personal representative filed a wrongful death claim in the Navajo Nation District Court against Federal Express, Jeff Deemy, and Mike Nail d/b/a M & D Service. This suit was settled, and Federal Express/Sentry Insurance Company paid to the decedent's family and the personal representative of the decedent's estate a confidential settlement amount. As part of that settlement, decedent's family members and the Personal Representative of the Estate of Annie Morris assigned their claims against the Defendant United States to Federal Express and Sentry Insurance Company.

15. Plaintiffs Federal Express and Sentry Insurance Company seek contribution, or in the alternative subrogation or in the alternative indemnification against the United States for the value of the enhanced injuries suffered by the decedent as a result of the Defendant's negligence. In addition, the decedent's family members and the Personal Representative of the Estate of Annie Morris assigned to Plaintiffs any and all claims they had against the Defendant as part of the settlement of the underlying claim. Plaintiffs are entitled to recover from the Defendant the value of the enhanced injuries.

## COUNT I

16. Plaintiffs reallege and incorporate herein by reference all of the foregoing allegations of the complaint.

17. In its examination and treatment or failure to treat Annie Morris, Defendant's hospital and its employees, apparent employees, or agents failed to exercise that degree of care, skill and learning expected of a reasonably well-qualified health care provider in the same or similar circumstances giving due consideration to the locality.

18. Defendant's actions and inactions are actionable under the laws of the State of New Mexico.

19. As a proximate result of the negligence and malpractice of defendant, Annie Morris died. Plaintiffs seek to recover damages paid to decedent and her estate, and her beneficiaries for wrongful death, negligent infliction of emotional distress, pain and suffering, medical and nonmedical expenses, funeral expenses, lost income, lost household services and loss of consortium.

## COUNT II

20. Plaintiffs reallege and incorporate herein by reference all of the foregoing allegations of the complaint.

21. In failing to treat and correctly and timely intubate Annie Morris and in obtaining, training and supervising its employees and medical staff, and in promulgating policies for operating its emergency rooms, the defendant failed to exercise that degree of care, skill, and learning expected of a reasonably well-qualified, similar health care provider acting in the same or similar circumstances giving due consideration to the locality. Additionally, health care provider employees, while working within the scope

of their employment, failed to possess and apply the knowledge, skill and care or reasonably well-qualified, similar employees, in similar circumstances, giving due consideration to the locality.

22. At the time of the incident that is the subject of this complaint, health care personnel were working within the scope of their employment with the defendant.

23. Defendant is liable for the negligence of its health care personnel.

24. As a proximate result of the negligence and malpractice of defendant's employees, agents, servants and apparent agents, Annie Morris died. The negligence of the Defendant proximately caused damages including wrongful death, pain and suffering, medical and nonmedical expenses, funeral expenses lost income, lost household services, negligent infliction of emotional distress, and loss of consortium.

WHEREFORE, Plaintiffs pray that the Court enter judgment for them on all counts and that they be awarded compensatory damages plus interest, including prejudgment interest, and such other relief as the Court finds proper.

Respectfully submitted,

JOHN SIMMS STIFF, P.C.
Of Counsel to Beall & Biehler, P.A.

By _____
John S. Stiff
Attorneys for Plaintiffs
6715 Academy Road, NE
Albuquerque, NM 87109
(505) 828-3600