# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FEDERAL EXPRESS CORPORATION,
a New Mexico foreign corporation, and
SENTRY INSURANCE COMPANY, INC.,
a foreign corporation doing business in
New Mexico,

        Plaintiffs,

vs.                                                                                               Civil 01-227 WJ/DJS-**ACE**

THE UNITED STATES OF AMERICA,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, filed January 10, 2001 **(Doc. 27)**. Plaintiffs are suing the United States for subrogation and indemnification for a sum paid out in settling claims brought against them by Ms. Annie Morris, who was struck down by a Federal Express truck in a shopping center parking lot and died as a result.[1]

The case settled. A portion of the settlement was premised on the enhanced injuries resulting from medical malpractice by the Indian Health Service where Ms. Morris was treated. Also as part of the settlement, Ms. Morris' claims against the Indian Health Service were assigned to Federal Express. Thus, Plaintiffs' claims in the present case are two-fold: Count I, which seeks indemnification for the amounts paid out in settlement to Ms. Morris and her estate; and Count II,

---

[1] Sentry Insurance is Federal Express' insurer. The underlying case was tried in the District Court of the Navajo Nation for the District of Crownpoint, New Mexico, which recognized the application of New Mexico law. See Deft's Ex. A, at 3.

which is a claim for actual injuries and damages to Ms. Morris caused by the Indian Health Service. Plaintiffs concede the dismissal of Count II, based on the applicability of the Anti-Assignment statute, 31 U.S.C. § 203, which prevents third parties (the Plaintiffs here) from acquiring an enforceable interest in a claim against the Government. Thus, Count II will be dismissed.

Defendant argues that Count I should be dismissed as well. According to Defendant, Plaintiffs are estopped from making a claim for indemnification because Ms. Morris' estate never filed an administration claim regarding the underling incident. Defendant cites to the general requirement under the Federal Tort Claims Act that a claim be made by the real party in interest, see 28 U.S.C. § 2675, but offers no basis for this specific contention, nor am I inclined to read such a requirement into the statute's language. In fact, the cases cited by Plaintiffs support their position that exhaustion is accomplished where parties seeking recovery of costs or indemnification have filed an administrative claim.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment **(Doc. 27)** is DENIED IN PART and GRANTED IN PART in that the motion is DENIED as to COUNT I and GRANTED as to COUNT II.

_____
UNITED STATES DISTRICT JUDGE